*513 OPINION.
Muedoce :
The first question is whether the Commissioner erred in determining the deficiency. He stated in the notice of deficiency that the petitioner had sold the shares for $81,055, and he then made what *514 seems to be an inconsistent holding, that 81,055/209,550 of the shares were sold for $81,055 and a gift was made of the remaining shares. The facts clearly show that the determination of the Commissioner was erroneous. The theory he used in computing a profit is inconsistent with what actually occurred. Cf. Kenneth K. Bechtel, 84 B. T. A. 824. None of the shares were given outright by the petitioner. One-fourth was sold to each purchaser for a certain amount of money. The total amount received by the petitioner was $81,055, which was exactly what he had paid for the stock and, consequently, he had no gain from the four sales. The Board has held in cases where property has been transferred for a substantial consideration which is less than its market value that such transfers constitute bona fide sales coupled with a gift to the extent of the excess of the market value of the property over the selling price. Harry F. Robertson, 5 B. T. A. 748; G. Wildy Gibbs, 28 B. T. A. 18; E. D. Knight, 28 B. T. A. 188. The Commissioner in his determination has not questioned the fact that sales were made and has not held that any sale was lacking in bona fides. Therefore, the petitioner has fully sustained the burden of proof which rested upon him.
The Commissioner by affirmative pleading has raised another issue. He now contends that the petitioner did not make a bona fide sale of any of the shares to the three family trusts and to the daughter, but instead sold the shares on the market for $206,816 and realized a profit of $125,761. The burden of proof on this new issue rested squarely upon the Commissioner. The contention is contrary in many important particulars to the determination which he made to justify the deficiency. He now argues that the petitioner really sold the shares on the market himself at the current market price and gave his profit to his daughter and. the three family trusts. Not only do the facts fail to support this contention, but they show affirmatively that the actual transactions were quite different.
There is no reason whatsoever to disbelieve any of the testimony of the petitioner and Choate. The petitioner’s testimony shows that he deliberately refrained from selling this stock on the market, realizing a large profit himself and subjecting himself to income tax on that profit. Cf. Gregory v. Helvering, 293 U. S. 465, as to propriety of avoiding taxes. It is likewise clear that he sold the stock to the three family trusts and his daughter at cost, having in mind that they in turn could sell the stock at a profit. The sales were complete and proper in all essentials. This was his way of increasing the corpus of the trusts and of increasing the property of his minor daughter. The income tax consequences of those acts depend upon what was actually done, not upon what might have been done. It was done in such a way that the petitioner realized no profit whatsoever.
*515 Tlie respondent makes no criticism of tlie sale to the trust for the benefit of the petitioner's wife ívhich. requires discussion. The petitioner’s two older children were of age in May 1933 and, under the terms of the trust instrument, the corpus and accumulated income of the two trusts could and, perhaps, should have been distributed to them prior to the transactions here in question. The respondent argues from this that the two trusts were nonexistent in May 1933, and the petitioner could not have made any sales to those trusts. The two beneficiaries could have required distributions prior to the purchases and sales here in question, but the fact of the matter is that distributions had not been made, and, so far as we know, the beneficiaries had never asked for distributions. The beneficiaries may ratify the acts of the trustee under such circumstances as are here present. Matter of Miller, 257 N. Y. 349; 178 N. E. 555, 557. Not only is there no evidence to indicate that these beneficiaries failed to ratify the acts of this trustee in making these purchases and sales, but it is difficult to believe that the beneficiaries would fail to ratify acts so beneficial to them.
The respondent’s argument in regard to the purchase of one-fourth of the shares by the petitioner’s daughter Edith is that she was a minor; her account with Clark, Dodge & Co. was opened, managed, and controlled by the petitioner; therefore, either it was his account or he was acting as guardian for his minor daughter; if it was really his own account, obviously he could not sell to himself, and in any event, the profit would be his; whereas, if he was guardian for his daughter, he would have no right to buy this Celanese stock for her, because it was not the kind of stock which a fiduciary would be justified in buying under the laws of New York. The petitioner opened the account for and on behalf of his daughter Edith. None of his actions is inconsistent with the proposition that beneficial ownership of the account was in the daughter. On the contrary, his actions have always been consistent with that proposition. We are unable to conclude from the evidence that the account belonged to the petitioner. Cf. Emil Frank, 27 B. T. A. 1158; Preston R. Bassett, 33 B. T. A. 182; Marry T. Rollins, 34 B. T. A. 319. The evidence does not show that the petitioner was ever appointed guardian for his daughter. The account was originally opened with a gift of common stock. We can not believe that any court of competent jurisdiction would nullify the action of the petitioner in selling this valuable stock to his daughter at less than its current market price. The final sale on the market was made on her behalf and for her benefit, and the profit which resulted was hers from the very moment that it was realized. It never belonged to the petitioner and was never received by him.
*516 The evidence does not support the Commissioner’s affirmative contention, and we have concluded that the petitioner realized no profit from the disposition of the 6,600 shares of Celanese stock. His action in reporting as gifts the value of the stock in excess of the purchase price received by him is not here in question, but it is interesting to note that that action on his part is in accordance with the law and regulations. See sec. 503 of the Eevenue Act of 1932?; Regulations 79, art. 8.

Decision will be entered for the petitioner.